FANNIE M. SLOMAN, APPELLANT, V. WILLIAM H. SPELL-
MAN, APPELLEE.

42  165
42  844

FILED OCTOBER 3, 1894.   No. 5368.

**Review of Conflicting Evidence.** There being no question of
law involved in this case, and the finding of the district court
being supported by sufficient competent evidence, its decree is
affirmed.

APPEAL from the district court of Douglas county.
Heard below before HOPEWELL, J.

*Brome, Andrews & Sheean,* for appellant.

*Switzler & McIntosh, contra.*

RAGAN, C.

On the 4th day of February, 1890, William H. Spell-
man filed in the office of the register of deeds of Douglas
county, Nebraska, a duly verified account of certain items
of material and labor which he alleged that he had fur-
nished Fannie M. Sloman in pursuance of a verbal con-
tract made with her for the plumbing and gas-fitting of
her residence on lot 2, in block 10, in West Omaha Ad-
dition to the city of Omaha, and claimed a lien on said
real estate for said labor and material so alleged to have
been furnished. On the 27th day of March, 1890, Fannie
M. Sloman filed her petition in the district court of Doug-
las county against said William H. Spellman, alleging, in
substance, that on or about the 1st day of July, 1889, she,
Mrs. Sloman, entered into a verbal contract with Spellman,
in and by which he agreed to furnish the material and do
the plumbing and gas-fitting upon a residence she was
then erecting on said lot; that Spellman agreed to furnish
such labor and material at the actual cost thereof, with
fifteen per cent added; that Spellman represented that the

actual cost of said labor and material with fifteen per cent
added would not exceed the sum of $800; that in full pay-
ment of the labor and material Spellman might furnish her
under the contract, she agreed to convey him, by a deed of
general warranty, lot 13, in block 9, Jerome Park Addition
to the city of Omaha, subject to certain incumbrances, and
that Spellman agreed to accept Mrs. Sloman's conveyance
of said lot in full payment of whatever labor and material
he should furnish her under the contract; that she had
duly tendered to Spellman a warranty deed of said lot in
Jerome Park Addition in payment for the work and ma-
terial which Spellman had furnished under his contract
with her; that she had accompanied such deed and tender
with an abstract of title showing that she had a good estate
in fee-simple in the lot; that Spellman had refused to ac-
cept the conveyance of said lot in Jerome Park Addition
in payment of the labor and material he had furnished her;
that he had filed in the office of the register of deeds a
verified account of items of labor and material which he
had furnished for her residence under his contract, and was
wrongfully claiming a lien upon her real estate for the
amount of such labor and material. She prayed for an
accounting with Spellman with respect to the labor and
material which he had furnished towards plumbing and gas-
fitting her residence, that the amount justly due Spellman
on account thereof might be determined, and that he be re-
quired by decree of court to accept in payment of the amount
due him the deed for the lot in Jerome Park Addition, and
for a cancellation of the verified account of items of labor
and material filed by Spellman in the office of the register
of deeds. Spellman, by his answer, admitted that he entered
into a verbal contract with Mrs. Sloman, in and by which
he was to furnish the labor and material for the plumb-
ing work and gas-fitting of her residence. He denied
that by the contract he was to have for the same only the
actual cost of the labor and material with fifteen per cent

added; averred that she was to pay him for such labor
and material in cash, as the work progressed, the cost of
the material, with fifteen per cent added, and the current
wages for journeyman plumber and helper.    He expressly
denied that he agreed to accept from Mrs. Sloman a con-
veyance of the Jerome Park Addition lot in payment of
the work and labor he should furnish her under his con-
tract.    He denied that he represented that the plumb-
ing and gas-fitting would not cost to exceed $800, and al-
leged that he did said plumbing and gas-fitting in all
respects according to the contract with Mrs. Sloman, and
that the cost thereof greatly exceeded the sum of $800.
By way of a cross-petition he set up the verbal contract
with Mrs. Sloman, in and by which he agreed to furnish
the labor and material and do the plumbing and gas-fitting
work on her residence; alleged that he had complied in all
respects with the contract; that within four months of the
date of the last item of labor and material furnished under
the contract he had made an account in writing of the
items of the labor and material furnished thereunder, duly
made oath thereto, and filed the same in the office of the
register of deeds of Douglas county, claiming a mechanic's
lien upon Mrs. Sloman's lot and the improvements thereon
for such labor and material.    He prayed for an accounting
of the amount due him from Mrs. Sloman, and that the
same might be decreed a lien upon her lot and residence.
To this answer Mrs. Sloman filed a reply, consisting of
a general denial of all the allegations of new matter in the
answer.    The district court found all the issues in favor
of Spellman, and by decree gave him a lien against the
property of Mrs. Sloman for the amount due him from
her for the labor and material he had furnished in doing
the plumbing work in her residence, and from this decree
Mrs. Sloman appeals to this court.

It will be seen from what has been said that the two
material issues in the case were: (1.) Whether Spellman

agreed to accept the Jerome Park Addition lot in payment for the labor and material he should furnish Mrs. Sloman. (2.) If he did not, how much was due Spellman from Mrs. Sloman for the labor and material he had furnished her in pursuance of the contract between them? There is no question of law in the case. It would subserve no useful purpose to quote the evidence or any of it. On every material issue of fact in the case there is an irreconcilable conflict of evidence. We do not know who has told the truth, nor who has been guilty of falsehood. The truth of the matters litigated in this action will probably never be known. The district judge saw the witnesses, heard them testify, observed their demeanor upon the witness stand, and weighed the conflicting evidence. We cannot say that he reached an incorrect conclusion; and, indeed, if he had found these issues in favor of Mrs. Sloman, the evidence in this record would sustain such finding. The evidence covers nearly seven hundred pages of closely type-written matter. We have patiently and carefully read, studied, and compared all this evidence because it was our duty to do so; but its study has not been entirely devoid of what might be called a melancholy interest, as it affords a striking object lesson of the uncertainty and unreliability of human testimony. Since we cannot say that the findings made by the district court are not supported by sufficient competent evidence, the decree must be and is

AFFIRMED.